**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

VICTOR F. HAUBER, JR.,          :
                               :   Civil Action No.  06-1418 (RBK)
          Plaintiff,           :
                               :
          v.                   :   **OPINION**
                               :
NEW JERSEY DEPARTMENT OF        :
CORRECTIONS, et al.,           :
                               :
          Defendants.          :


**APPEARANCES:**

> VICTOR F. HAUBER, JR., Plaintiff <u>pro se</u>
> #462597-163027C
> South Woods State Prison
> 215 Burlington Road
> Bridgeton, New Jersey 08302

**KUGLER**, District Judge

Plaintiff Victor F. Hauber, Jr. ("Hauber"), currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will (1) grant plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) (1998) and (2) order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.[1]

## I.  BACKGROUND

Hauber brings this civil rights action against 36 named defendants with the New Jersey Department of Corrections ("DOC"), the Correctional Medical Services ("CMS"), South Woods State Prison ("SWSP"), and the University of Medicine & Dentistry of New Jersey ("UMDNJ"), as follows: Dr. Hallander; Nurse Green; Dr. Assan; Dr. Dicasimirro; Dr. Barksdale; Nurse Mayo; Anthony Thomas, Medical Ombudsman at SWSP; Dr. Rodolico; Dr. Thompson; Dr. Schnitzlein; Dr. Montgomery; Dr. Vyas; Dr. Blackwell; Dr. Gonzalez; Kelly Brunkel, Psychologist at SWSP; Nurse Jennings; Nurse Hollenbeck; Nurse Alexander; Nurse Kimble; Nurse Carey; Nurse Smith; Nurse Markert; Devon Brown, DOC Commissioner; Kathryn MacFarland, Superintendent at SWSP; Ms. Balicki, Ass't Superintendent at SWSP; Ms. Kinchens, Ass't Superintendent at SWSP; Mr. Jalloh, Ass't Superintendent at SWSP; Mr. Finger, Ass't

---

[1] Hauber also filed an application for an order directing defendants not to transfer plaintiff before his release date of September 8, 2006 (Docket Entry No. 3) and a request for a preliminary injunction (Docket Entry No. 4).  Because the Complaint will be dismissed, these applications by plaintiff will be dismissed as moot.

Superintendent at SWSP; Ms. Bartolomei, Administrative Analyst at SWSP; Dr. Cooney; Ms. Perkins, Psychologist at SWSP; Nurse Turin; Nurse Knipple; Nurse Kuntz; Mr. Ausfahl, CMS Ombudsman at SWSP. (Complaint, Caption, ¶¶ 4.1-36).  The following factual allegations are taken from the Complaint and preliminary statement to the Complaint, and are accepted as true for the purposes of this review.

In his preliminary statement, Hauber alleges that the defendants have denied him medical care and treatment, namely his preferred medications, with deliberate indifference to his serious medical needs.  He states that he was diagnosed with a stomach ulcer in 1982.  When he came to SWSP, defendant Nurse Green told Hauber that his "Prevacid" medication was being changed to "Zantac".  Hauber complains that his stomach pain persists, but Nurse Green told him that it was just indigestion and would not prescribe "Prevacid".  He contends that defendants should prescribe his "Prevacid" to alleviate his stomach pains that remain persistent.  He also states that defendants have refused to send him for proper tests or gastrologist to determine the cause of his persistent stomach pains for the last two years at SWSP.

Hauber next complains that he did not qualify for antiviral therapy for treatment of his hepatitis C because of his

particular strain of hepatitis.  Hauber alleges that antiviral therapy can be used for any strain of the disease.

Plaintiff further states that he had suffered a tear in the anterior cruciate ligament ("ACL") of his left knee before he was incarcerated.  He also has severe arthritis in both knees. Hauber alleges that defendants have failed to provide him with a proper pain management regimen, physical therapy or consultation with an orthopedic surgeon for the 2½ years he has been confined at SWSP for treatment of his knee injury.  He does admit that he has received steroid injections and was told that follow-up care can be done after he is released from prison this year.

Finally, Hauber alleges that he hurt his knee at work in SWSP on April 7, 2006.  He was seen by a nurse practitioner on April 9, 2006, but Hauber insisted on being treated by a doctor. The nurse then told Hauber to leave.

In his Complaint, Hauber makes the following allegations against each named defendant individually.  First, he alleges that defendant Dr. Hallander refused to order plaintiff's "proper" ulcer medication because it was too expensive.  He makes a similar allegation against Nurse Green, and further asserts that she has refused to provide medication and treatment for Hauber's torn knee ligaments, severe arthritis, and hepatitis C. Defendant Nurse Mayo also refused to provide plaintiff's preferred ulcer medication, allegedly pursuant to a purported CMS

policy to provide inmates with cheaper, older, and inferior medication.

Next, Hauber makes a general allegation that defendants, Dr. Assan, Dr. Dicasimirro, and Dr. Barksdale, were deliberately indifferent to plaintiff's medical needs.  Hauber also complains that he has continually sought help from the psychiatrists and psychologists at SWSP, telling them about his problems with CMS and the administration at SWSP.  These defendants, Dr. Rodolico, Dr. Thompson, Dr. Schnitzlein, Dr. Montgomery, Dr. Vyas, Dr. Blackwell, Dr. Gonzalez, Kelly Brunkel, Dr. Cooney, and Ms. Perkins, have ignored plaintiff's complaints, causing his physical and psychological well-being to suffer.

Hauber makes a similar claim against the defendant nurses at SWSP, namely, Nurse Jennings, Nurse Hollenbeck, Nurse Alexander, Nurse Kimble, Nurse Carey, Nurse Smith, Nurse Markert, Nurse Turin, Nurse McCall, and Nurse Knipple.  Specifically, Hauber alleges that he told these defendants many times about his health problems and the difficulty in getting proper treatment, which were allegedly ignored.  As to defendant Nurse Kuntz, Hauber states that she saw plaintiff on January 3, 2006 to treat his hepatitis C, but told plaintiff that she was not interested in his other complaints at that time.

Next, Hauber alleges that he wrote many times to complain about his lack of medical treatment, but these administrative

officials, Devon Brown, Kathryn MacFarland, Ms. Balicki, Ms. Kinchens, Mr. Jalloh, Mr. Finger, and Ms. Bartolomei, and Ombudsman Anthony Thomas, ignored these complaints.

Finally, Hauber complains that CMS Ombudsman Mr. Ausfahl told him that the medication prescribed to plaintiff is an ulcer medication, but instead is an over-the-counter medication for general stomach pain and indigestion.

Hauber seeks injunctive relief directing defendants to provide him with immediate and proper medical treatment and his medical records.  He also asks for an unspecified amount in compensatory and punitive money damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA") requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996).  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro</u> <u>se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id</u>.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading

requirement that it contain short, plain statement of the claim, but lacked sufficient detail to function as a guide to discovery, was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

8

under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

     In addition, local government units and supervisors
generally are not liable under § 1983 solely on a theory of
respondeat superior.  See City of Oklahoma City v. Tuttle, 471
U.S. 808, 824 n. 8 (1985); Monell v. New York City Department of
Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal
liability attaches only "when execution of a government's policy
or custom, whether made by its lawmakers or by those whose edicts
or acts may fairly be said to represent official policy, inflicts
the injury" complained of); Natale v. Camden County Correctional
Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a
civil rights action must have personal involvement in the alleged
wrongs, liability cannot be predicated solely on the operation of
respondeat superior.  Personal involvement can be shown through
allegations of personal direction or of actual knowledge and
acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d
Cir. 1988) (citations omitted).  Accord Robinson v. City of
Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v.
Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

     Further, a § 1983 action brought against a person in his or
her official capacity "generally represent[s] only another way of
pleading an action against an entity of which an officer is an

agent." <u>Monell</u>, 436 U.S. at 690 n.55.  "[I]n an official-
capacity action, . . . a governmental entity is liable under §
1983 only when the entity itself is a 'moving force' behind the
deprivation; thus, in an official capacity suit the entity's
'policy or custom' must have played a part in the violation of
federal law." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985)
(internal quotation marks and citations omitted).

IV.  <u>ANALYSIS</u>

Construing the Complaint most liberally for the <u>pro</u> <u>se</u>
plaintiff, the Court finds that Hauber is alleging a denial of
medical care claim in violation of the Eighth Amendment.

The Eighth Amendment proscription against cruel and unusual
punishment requires that prison officials provide inmates with
adequate medical care.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04
(1976); <u>Rouse v. Plantier</u>, 182 F.3d 192 (3d Cir. 1999).  In order
to set forth a cognizable claim for a violation of his right to
adequate medical care, an inmate must allege:  (1) a serious
medical need; and (2) behavior on the part of prison officials
that constitutes deliberate indifference to that need.  <u>Id.</u> at
106; <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575,
582 (3d Cir. 2003).

To satisfy the first prong of the <u>Estelle</u> inquiry, the
inmate must demonstrate that his medical needs are serious.
"Because society does not expect that prisoners will have

10

unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992).  The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate

11

deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d
217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145
(D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly,
"mere disagreements over medical judgment do not state Eighth
Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir.
1990).  "Courts will disavow any attempt to second-guess the
propriety or adequacy of a particular course of treatment ...
[which] remains a question of sound professional judgment."
Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d
Cir. 1979) (internal quotation and citation omitted).  Even if a
doctor's judgment concerning the proper course of a prisoner's
treatment ultimately is shown to be mistaken, at most what would
be proved is medical malpractice and not an Eighth Amendment
violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

     The Third Circuit has found deliberate indifference where a
prison official: (1) knows of a prisoner's need for medical
treatment but intentionally refuses to provide it; (2) delays
necessary medical treatment for non-medical reasons; or (3)
prevents a prisoner from receiving needed or recommended
treatment.  See Rouse, 182 F.3d at 197.  The court has also held
that needless suffering resulting from the denial of simple
medical care, which does not serve any penological purpose,
violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See
also Monmouth County Correctional Institutional Inmates, 834 F.2d

12

at 346 ("deliberate indifference is demonstrated '[w]hen ...
prison authorities prevent an inmate from receiving recommended
treatment for serious medical needs or deny access to a physician
capable of evaluating the need for such treatment"); Durmer v.
O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897
F.2d 103 (3d Cir. 1990).

    In this case, the allegations do not rise to the level of a
constitutional deprivation of medical care in violation of the
Eighth Amendment.  Hauber cannot show deliberate indifference by
the defendants because they have been providing him medical care
and treatment, just not the type of treatment he prefers.  In
short, Hauber merely disagrees with his doctors and medical care
providers about the medication he is receiving for his stomach
pain, and the course of treatment for his hepatitis C condition
and his knee injury.

    With respect to the medication, Hauber admits that he is
receiving "Zantac" instead of his preferred "Prevacid"
medication.  He alleges, however, that a cheaper medication is
being issued pursuant to a CMS policy.  Hauber provides no
factual allegation to support this bald contention.  Rather, it
appears that his doctors simply disagree with the type of
medication needed for treatment of plaintiff's stomach pain.
This is not an instance of a cheaper, generic brand being
substituted for a more costly name-brand prescription, but

instead, a name brand medication in place of another name brand based on the doctors' medical judgment about plaintiff's condition and the appropriate treatment needed.

As to treatment for his knee injury, Hauber insists that he be examined by an orthopedic surgeon for corrective ACL surgery.[2] The Complaint alleges that Hauber is receiving steroid injections and a recommendation for follow-up treatment upon his release from prison this year.[3]  Again, this claim appears to be nothing more than Hauber's dissatisfaction with the type of treatment he is receiving, and does not suggest deliberate indifference by defendants.

Finally, Hauber disagrees with the defendants' medical judgment that antiviral therapy is not indicated for the type of hepatitis C strain plaintiff has.  There are no allegations that defendants are refusing all treatment for Hauber's hepatitis C

---

[2]  The Court notes that neither plaintiff's knee injury or his stomach pain appear to satisfy the first prong under Estelle demonstrating a serious medical need.  There is no allegation that a serious condition has been diagnosed by a physician, or that the condition may result in a life-long handicap or permanent loss.  Also, the Court does not find the seriousness of plaintiff's medical condition with respect to his stomach pain and knee injury to be "so obvious that a lay person would recognize the necessity for a doctor's attention."  Atkinson, 316 F.3d at 272-73.  However, the Court does find that hepatitis C may constitute a serious medical need, but Hauber is unable to demonstrate deliberate indifference to allow the claim to proceed.

[3]  Hauber recently wrote to inform the Court that he is expected to be released from prison on September 8, 2006.

status.  In fact, Hauber admits that he has been seen for his
condition.  Nor is there an allegation that the antiviral therapy
has been recommended and prescribed for plaintiff's treatment,
and that the defendants are ignoring this recommendation.
Rather, the facts show nothing more than plaintiff's
dissatisfaction and disagreement with the treatment he is being
provided by defendants.  Hauber's mere disagreement with the
treatment plan for his hepatitis C condition is not sufficient to
state a claim of deliberate indifference.

As stated above, a prisoner's subjective dissatisfaction
with his medical care does not in itself indicate deliberate
indifference, and "mere disagreements over medical judgment do
not state Eighth Amendment claims."  White, 897 F.2d at 110;
Andrews, 95 F. Supp.2d at 228.  Even if the doctors' judgment in
this instance, concerning the proper course of Hauber's treatment
for his stomach pain, knee injury and hepatitis C, ultimately is
shown to be mistaken, at most what would be proved is medical
malpractice and not an Eighth Amendment violation.[4]  Estelle, 429
U.S. at 105-06; White, 897 F.3d at 110.  Therefore, the Complaint
will be dismissed as against all of the defendant medical

---

[4]  Even if the Court were to find that plaintiff has alleged
facts sufficient to support a prima facie state tort claim of
medical negligence, the Complaint would nevertheless be dismissed
for lack of diversity jurisdiction under 28 U.S.C. § 1332.  The
Court's ruling here does not address the merits of any such state
law claim, or whether plaintiff may bring such a claim in state
court.

doctors, nurses, and administrative officials, for failure to
state a claim.

Finally, the Court finds that the Complaint fails to state a
claim against the psychiatrists and psychologists.  Hauber simply
alleges that he continually complained to these defendants about
the problems he was having with CMS and the administration at
SWSP, which affected plaintiff's physical and psychological well-
being, and these defendants did nothing to help him.  It is
apparent that these defendants treated Hauber for his
psychological problems.  It is not clear what more they could
have done in their sessions with plaintiff.  Hauber does not
allege any facts to show that these defendants were deliberately
indifferent to his psychological needs.  He also does not allege
any serious psychological need that would require further
treatment not given.  Rather, it would seem that Hauber's only
complaint against these defendants is that they did not attempt
to convince the medical doctors to change their medical judgment
regarding treatment for plaintiff's physical conditions.  This
claim does not state a claim as to a cognizable constitutional
deprivation of medical/psychological care.  As addressed above, a
difference of medical opinion is not deliberate indifference and
is insufficient to state a constitutional deprivation under §
1983.  White v. Napoleon, 897 F.2d at 110; Andrews, 95 F. Supp.2d

16

at 228; Peterson, 551 F. Supp. at 145.  Accordingly, the
Complaint will be dismissed as to these defendants also.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be
dismissed with prejudice, in its entirety as against all
defendants, for failure to state a claim pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Further, plaintiff's
request for a preliminary injunction (Docket Entry No. 4), and an
order directing defendants not to transfer plaintiff before his
release date of September 8, 2006 (Docket Entry No. 3) will be
dismissed as moot.  An appropriate order follows.


                          S/Robert B. Kugler
_____
                          ROBERT B. KUGLER
                          United States District Judge
Dated: August 3, 2006

17